# ED J. SHUCK, Appellant, v. A. E. MOORE.

**Division One, February 28, 1911.**

1. **TAX DEED: Suit by Initials.** Where the true name of the non-resident defendant landowner was Anthony S. Wells, as shown by the record of deeds, a tax suit against A. S. Wells brought by constructive summons, and a sheriff's sale and deed, conveyed no title.

2. ————: ————: **Constructive Service Assumed.** Although the judgment and order of publication in the tax suit were not introduced in evidence in the suit to quiet title, yet if the petition and deed in the tax suit were, and they name A. S. Wells as the defendant, and the deed record shows the record owner to be Anthony S. Wells, and the suit was tried, as shown by the pleading of the party claiming through the tax deed, and by the instructions, and by the testimony, on the assumption that the defendant in the tax suit was a non-resident and the suit was by constructive service, it will be held that summons was by order of publication, and that defendant did not appear, and the tax deed reciting that the lands of A. S. Wells were sold did not convey the land to the purchaser.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED (*with directions*).

*Ed J. Shuck, A. J. Arthur* and *Robert Lamar* for appellant.

(1) The true owner's title to land is not affected by tax proceedings unless they are brought against him and it is necessary that the proceedings, to subject real estate to the payment of delinquent taxes, shall comply with the requirements of the statute, and in this case they do not. The defendant claims title through mesne conveyances from the purchaser at a sheriff's sale for delinquent taxes for some year between 1880 and 1890, and the taxbill states that the suit is for the

delinquent taxes for the year 1880, but the petition in the tax suit nowhere states the year for which the taxes are claimed to be due and this we insist is fatally defective. Bland v. Winsor, 187 Mo. 108; R. S. 1899, sec. 9303. In a proceeding to subject real estate to the discharge of delinquent taxes, the suit must be against the owner of the real estate, and a suit against A. S. Wells is not sufficient to give the court jurisdiction of Anthony S. Wells. Turner v. Gregory, 151 Mo. 100. The defendant's name, in the delinquent tax proceedings to collect the taxes for some year, is Anthony S. Wells, while in said suit the proceedings are against A. S. Wells. The defendant named in the petition, taxbill and judgment in said tax suit is A. S. Wells. Therefore we contend that the court never acquired jurisdiction of Anthony S. Wells, whose name appears in the deed conveying the real estate involved in this controversy to him as Anthony S. Wells. Turner v. Gregory, 151 Mo. 100. Constructive service is in derogation of the common law, is a harsh substitute at best, and is always construed strictly. Young v. Downey, 150 Mo. 317.

*Wm. P. Elmer* for respondent.

(1) The sheriff's deed is prima-facie evidence of title and of the recitals therein. R. S. 1899, sec. 9035; Cummings v. Brown, 181 Mo. 711. (2) The sheriff's deed is not invalid, nor is it affected by the objections made by appellant to the tax petition. There is no proof that the judgment on which this deed is based was a default one, nor that it was rendered only on constructive service. Neither is it shown the judgment and order of publication was against the defendant by initials. Even if the sheriff's deed is based upon a judgment by default, with constructive service by order of publication against defendant by initials yet it is good under the evidence in this case. (3) Objections were made to the sheriff's deed on two

grounds, only: 1st, because the defendant in the tax petition was sued by initials, only; 2d, because the petition failed to show the year tax was due. This court will not review objections to testimony or defects in deeds, unless special objection is made to the trial court. Therefore all objections other than urged above, are not reviewable. Western v. Flannagan, 120 Mo. 61; Haselton v. Haselton, 166 Mo. 182; Bank v. Fesler, 89 Mo. App. 217; Morgan v. Joy, 121 Mo. 677; State ex rel. v. Lounsberry, 125 Mo. 157. (4) The presumption of the law is that the circuit court had jurisdiction to render the judgment on which the tax deed is based; that it did render one; that due service of process was had on defendant. The contrary must be shown. 17 Am. and Eng. Ency. Law (2 Ed.), 1073; Wellshear v. Kelly, 68 Mo. 343; Charley v. Kelley, 120 Mo. 134; McClanahan v. West, 100 Mo. 309; Brown v. Walker, 11 Mo. App. 226; Allen v. McCabe, 93 Mo. 138; Gibbs v. Southern, 116 Mo. 204. The same rule applies in actions to enforce tax liens. Wall v. Holladay-Klotz Co., 175 Mo. 406; Waring v. Manwaring, 173 Mo. 21; Evarts v. Lumber Co., 193 Mo. 432; Jones v. Driscoll, 95 Mo. 190; Cooper v. Gunter, 215 Mo. 558.

LAMM, J.—Defendant was sued as a non-resident in the Dent Circuit Court to try and determine title to the northeast quarter of section 25, township 32, range 4, in that county, under old section 650, now Revised Statutes 1909, section 2535, as amended. He appeared and filed answer, claiming title, and pleading the ten-year and thirty-year Statute of Limitations. In pleading title his answer bases it on a sheriff's sale on a judgment for taxes.

The decree vested title in defendant and plaintiff took nothing by his suit. On due steps, plaintiff came up by appeal.

I. There is a preliminary question, viz.: On the abstract presented, can we go into matter of exception at all?

The point is sufficiently developed when we state that the first twenty-nine pages of plaintiff's abstract is built on a plan steadily condemned—that is, by commingling in one heterogeneous aggregation matter of record proper and matter of mere exception, so that we are put to picking, sorting and choosing one kind of matter from the other, and rearranging it, with no guide but a guess tempered by the hazard of guessing wrong. An abstract made on that bad plan is in contravention of statutes, rules, and the very reason of the thing. Its unhappy results are shown in a long list of cases spread in the books and nothing we can say will add vigor or point to warnings already given, writ large and often. The beaten way is safest.

However, in this case, at page 29 of their abstract, counsel, by way of a rather belated revelation, saw the danger and wrote in a long-hand interpolation—a benediction, maybe, reading: "The preceding pages and the following page contain a full and complete statement of the bill of exceptions, together with the petition and answer."

Counsel for defendant complains of the abstract as insufficient and briefs the point, but he also files an abstract of his own in which he exploits certain evidence on the theory the bill of exceptions as abstracted by plaintiff omits it. That additional abstract *assumes* we already have the residue of the bill of exceptions in plaintiff's abstract. In this fix, plaintiff files a motion to amend his abstract (not by bringing up *new* matter, but) by rearranging and suitably earmarking matter already abstracted into (1) record proper and (2) matter of exception preserved in a bill. With that motion, and to that end, he tendered a supplemental abstract. The motion was taken with the case, and

through extreme and plenary grace, because of novel and persuasive features existing, the motion will be allowed and the supplemental abstract considered in connection with plaintiff's original and defendant's abstract.

II. . The case lies in a nutshell. The matter threshed out below was a certain tax proceeding and sale thereunder, followed by a deed. If that was effective, the title is in defendant—if not, it is in plaintiff. There were no exceptions saved nor are there is- sues raised here making it necessary to set out plaintiff's chain of title, nor that through which defendant claims. Hence, we omit deeds constituting links in one or the other. It sufficeth to say that the common source of title was Anthony S. Wells. Plaintiff holds through him by mesne conveyances. Defendant holds through him by said tax deed and by mesne conveyances.

The records shows title at one time in "Anthony S. Wells" by a conveyance to him, *eo nomine*. At a certain time thereafter a tax suit was brought in the Dent Circuit Court against "A. S. Wells" for a year's tax—the petition mentioning no year for which the tax was due. The taxbill on which the suit was founded shows the year 1880. The tax judgment is not in the record. The tax deed recites that the judg- ment was for the tax of 1880, and that "A. S. Wells" was sued and his title levied on, sold and conveyed.

One of plaintiff's positions is that because the year was not set forth in the tax petition it was fatally defective (R. S. 1909, sec. 11498), and stated no cause of action. Defendant contends that the taxbill must be read into the petition, and; when that is done, it is well enough. But, in any event (he says), absent the judgment and present the recitals in the sheriff's deed naming the judgment year as 1880, the defect of the petition is cured.

There is a main contention, which, if decided in

favor of plaintiff, controls the case without determining the sufficiency of the petition. That proposition is that the court obtained no jurisdiction over Wells, for that he was sued by the initials, A. S., and not by his given name of Anthony S.

Neither the order of publication in the tax suit nor the judgment appears in the record. Absent both judgment and order, defendant contends there is no proof the tax judgment was rendered on constructive service and without the appearance of Wells. This contention seeks more of the record.

Attending to that, the answer pleads matter without substance or significance except on one theory, and that is that the tax judgment was rendered on constructive service against "A. S. Wells" as a non-resident. Witness the following averments, which being allowed *some* force, can have no other in a forum of reason, viz.: "Defendant further states that defendant's title is based upon a tax deed and sale of lands for taxes against one A. S. Wells. That at the said time of the sale for taxes the said A. S. Wells was a non-resident of Missouri and the title to said lands appeared in his name. That said A. S. Wells by such name executed deeds, contracts, signed notes, checks and held himself out to the world in general as A. S. Wells and paid taxes on said lands in the name of A. S. Wells, and was and is well known by the name of A. S. Wells."

The petition in the tax suit, put in evidence, has attached an affidavit of the tax attorney that Wells was a non-resident of the State of Missouri. Defendant took the deposition of Wells in the instant case and read it in evidence. Therefrom it appears that he was a resident of the State of Iowa; that he had never been a resident of the State of Missouri; that he usually signed his name "A. S. Wells," that he answered to either the name of A. S. Wells or Anthony S. Wells;

that he used both A. S. and Anthony S., indifferently, in signing his name.

At the trial the court drew up instructions, and gave them. These instructions filled no such office that error in them became reversible, but it does not follow that they might not indicate the theory upon which the case was tried below. In instruction numbered 1, the court elaborately treated of the use of initials in a name and declares the law to be that if the party had been in the habit of using his initials only in his business transactions and was known by such initials, "then the omission to insert his full name in the petition and *order of publication,* would not make the judgment void, where the petition and *order of publication* gave his correct initials," etc.

There is another record fact, viz., that at the date of the tax suit Wells was not the owner of the land. He had theretofore conveyed it away, but his grantee did not record his deed until after the tax sale. That fact is not mentioned to show the tax suit was brought against the wrong party as record owner, but to raise an inference against the probability that a man who had parted with his title would appear personally to defend a tax suit in a distant State under such circumstances.

The premises, we think, warrant the conclusion that the tax judgment was on constructive service; that the order of publication followed the petition in using merely the initials of Wells' given name; that such was the trial theory below, not only of counsel on both sides, but of the court itself.

In Matousek v. Catholic Union, 192 Mo. l. c. 596, it was said relating to a plea of *res adjudicata:* ". . . It is not always by evidence that a fact may be established. Facts may be admitted. A case may be tried on the theory that a fact is assumed to exist, the legal effect of which alone is questioned. [State *ex inf.* v. Fasse, 189 Mo. l. c. 537.] . . . It is true

the matter" (the establishment of the plea of *res judicata* by a former mandamus suit) "crept into the case sidewise, so to speak, but, nevertheless, it was lodged there and the trial proceeded on the concession and the assumption that the facts constituting *res judicata* stood confessed. With this admission, why incumber the record with the pleadings, judgment and other *impedimenta*, mere luggage all, of the mandamus suit? . . . Our conclusion is, therefore, that the record shows by indirection, but conclusively, that the case was tried on the theory below that the former adjudication was conceded."

So here, no one can read the answer in this case and the record without seeing that the trial proceeded on the admission and assumption there was an order of publication in the tax suit; that the judgment was based on that order; and that Wells was notified in that order merely by the initials of his Christian name.

In that view of it, the case was wrongly decided; for the tax judgment was void for want of jurisdiction and the tax deed following falls with the judgment.

In Gillingham v. Brown, 187 Mo. 181, the true name of the defendant was Aubrey H. Gillingham. Publication was had against "A. H. Gillingham." The judgment was held bad for want of jurisdiction. In Spore v. Ozark Land Co., 186 Mo. 656, publication was made against William D. Spore by the name of "W. D. Spore." The cases were there reviewed and the same conclusion announced. See, also, Burkham v. Manewal, 195 Mo. l. c. 506, *et seq.*; Turner v. Gregory, 151 Mo. 100; Ohlmann v. Sawmill Co., 222 Mo. 62; Stanton v. Thompson, handed down at this delivery, 234 Mo. 7.

Service of process by publication is in derogation of common law, is a creature of statute, is harsh at best and highly technical; hence must be strictly pursued. Our revenue laws contemplate that tax suits

shall be brought against the record owner by his true name. [R. S. 1909, sec. 11498.]

The judgment should be reversed and the cause remanded with directions to enter a decree for plaintiff. It is so ordered. All concur, except *Valliant, J.*, who is absent.