T. I. BECKWITH and BLANCHE BECKWITH v. ISAAC T. CURD, FRANK W. SMITH, SUSAN DUNCAN, AMERICAN NATIONAL BANK and EMPIRE TRUST COMPANY, Appellants.—148 S. W. (2d) 800.

Division Two, March 12, 1941.

*Strop & Strop* for appellants.

604

*Maurice Pope* for respondents.

TIPTON, P. J.—The respondents brought an action to quiet title to certain described real estate in the city of St. Joseph, Missouri. Their title is derived from two city tax deeds of that city dated January 7, 1938. Prior to the tax sale, the title to this property was vested in the appellant Isaac T. Curd, subject to a deed of trust in which the appellant Frank W. Smith was trustee. This deed of trust secured two notes payable to Susan Duncan who had assigned one note to the appellant American National Bank, and the other to the appellant Empire Trust Company. The appellants, by their separate answers, sought to have the two tax deeds declared void and to have the title quieted in the appellant Isaac T. Curd, subject to the deed of trust. The trial court found that the fee simple title was vested in the respondent T. I. Beckwith, that the respondent Blanche Beckwith is entitled to rights of inchoate dower in the real estate, and that the appellants have no title or interest in this real estate.

It is admitted that the city taxes for the year 1935 were the only taxes advertised as delinquent in the notice given prior to the sale, but that the city taxes for the years 1931 and 1932 were delinquent at the time the notice was given; in fact, when the respondents' tax

deeds were issued, the city taxes for the years 1931 and 1932 were still unpaid. The appellants paid the city of St. Joseph the sum of $7.33 for the two deeds conveying to them the land described in their petition and had at the time of trial paid by way of taxes, interest and penalties $158.24, which amount the appellants have tendered into court for respondents' benefit.

Section 6229, Revised Statutes 1929, provides:

"The tax deeds executed by the city treasurer shall be substantially in the following form; (Here follows the form.)

"Said deed shall be signed by the city treasurer, in his official capacity, with the seal of the city affixed, and acknowledged before some officer authorized to take the acknowledgements of deeds, and when substantially thus executed and recorded, shall be prima facie evidence in all courts of this state in all controversies and suits in relation to the rights of the grantee in said deed, his heirs and assigns, to the real property thereby conveyed or purporting to be conveyed, that the taxes were not paid at any time before sale; that the real property conveyed was subject to taxation for the year or years stated in the deed; that the real property conveyed had not been redeemed from the sale at the date of the deed; that the tender of redemption had not been made to the city treasurer before the execution and delivery of the deed; that the real property conveyed had been duly assessed for the year or years named in the deed; that the taxes were levied according to law; that the real property conveyed was duly advertised for sale; was duly sold for taxes, as stated in the deed; that the manner in which the assessment, levy, notice and sale were conducted was in all respects regular and as the law directed; that the grantee named in the deed was the purchaser, or that the certificate of purchase had been duly assigned to the grantee; that all the prerequisites of the law and ordinances of the city of . . . were complied with by all the officers who had or whose duty it was to have had any part or action in any transaction relating to or affecting the title conveyed, or purporting to be conveyed, from the assessment of real property up to the execution of the deed, both inclusive; and that all things whatsoever required by law to make a good and valid sale, and to vest the title in the purchaser, were done, except only in regard to the points named in this section, wherein the deed shall be prima facie evidence only."

The two deeds executed by the city of St. Joseph substantially complied with the form set forth in Section 6229, supra; therefore, this was prima facie evidence that all the provisions of the law in regard to the tax sale had been complied with, including that phrase which states that the manner in which the "notice and sale were conducted was in all respects regular and as the law directed." But this section does not say that such deed shall be conclusive evidence that the provisions of the law were complied with, but only

that it shall be prima facie evidence in all courts that the law had been complied with. Of course, such prima facie evidence may be overcome by positive evidence to the contrary.

The parties to this action admitted at the trial that the notice of the sale did not include a list of all delinquent taxes against this property. The notice of the sale listed the 1935 taxes, but did not include the taxes for the years of 1931 and 1932.

The method for the collection of delinquent taxes on real estate in cities of the first class, the class to which St. Joseph belongs, is governed by Sections 6206 to 6229 inclusive, Revised Statutes 1929. This is a summary method for the collection of back taxes.

Section 6208, supra, provides:

"The notice to be given of the sale of real property for delinquent taxes shall state the time and place thereof, and contain a description substantially the same as in the land tax book of the several parcels of real property to be sold, and *all delinquent taxes and assessments thereon,* and such real property as has not been advertised and sold for the taxes of any previous year or years, and on which taxes or special assessments remain due and delinquent, and the amount of taxes and special assessments, interest and cost against each parcel of real property." (Italics ours.)

It is the contention of the appellants that the failure of the city to list all delinquent taxes in the notice as required by the above section made the sale void, this for the reason that when the summary method for the collection of delinquent taxes is employed, the law requires a literal and strict compliance with the statutes authorizing such sales.

In the case of Comfort v. Ballingal, 134 Mo. 281, l. c. 293, 35 S. W. 609, l. c. 612, we said:

"When the process of collecting taxes by the sale of lands for their nonpayment is a summary remedy, as in the case at bar, and the law requires that certain things be done by the officer making such a sale in connection therewith, nothing less than a strict compliance with such requirements will suffice, and, unless it appear that the law has been strictly complied with, the sale will be void."

In the case of Reeds v. Morton, 9 Mo. 868, l. c. 877, we said:

"He who wishes to obtain an estate worth thousands, for less than ten dollars, under and by virtue of the law, is not to be permitted to ask why he should be required to do this or to do that. It is an answer, that it is required by law. *Ita lex scripta est.* He claims by the law, then by that law let his pretensions be judged."

The author, in 26 Ruling Case Law, page 394, paragraph 354, says:

"There is no presumption in favor of the validity of a tax title based upon a sale by a collector as an administrative act. One who claims title to the property of another by virtue of a sale for nonpayment of taxes is bound to show the existence of every fact

necessary to give jurisdiction and authority to the officer who made the sale, and a strict compliance by him with all things required by the statute in carrying out the sale. That the variation from the requirements of law was trivial and did the owner no harm is not sufficient reason for disregarding it. The maxim '*De minimis non curat lex*' if applicable to tax sales at all should be applied with great caution.''

■ We think the rule is well established that when an administrative officer sells property at a tax sale, a strict compliance with the statutes is required. The omission of the 1931 and 1932 taxes from the notice of sale voided the sale by the city to the respondents because the notice did not include all the delinquent taxes as required by Section 6208, supra.

It follows that the judgment of the trial court should be reversed and the cause remanded with directions for the trial court to enter judgment in conformity with the prayers in appellants' answers. It is so ordered. All concur.