Doris Ellen NOLE, Plaintiff–Appellant,

v.

Ronald R. WENNEKER, Carolyn P. Wenneker, Charles Oliver and Roger R. Lane, Defendants–Respondents.

No. WD 31370.

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Charles W. Franklin, Columbia, for plaintiff–appellant.

Gladstone & Matteson, Joseph C. Matteson, Columbia, for defendants–respondents.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

Appeal from a court–tried case resulting in a judgment against plaintiff on her petition to set aside a tax deed. A judgment in favor of defendants (successor–grantees of the property) in the amount of $1,950 on their counter–claim for rent stemming from plaintiff's continued occupancy of the property was also entered.

It is plaintiff's position that the trial court erred in declaring the tax deed valid and rendering judgment against her. Plaintiff asserts that the tax deed was void because the published notice was invalid and because the recitals of the collector's deed with respect to the nonpayment of taxes were inaccurate. The judgments are reversed.

Review of this court–tried case is pursuant to Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Reduced to essential contention, the plaintiff's attack upon the judgment respecting the validity of the collector's deed is that the judgment is against the weight of the evidence. Since it is concluded that this basic contention is to be sustained, the money judgment for rent due defendants as holders of the tax title must fall.

In 1968, plaintiff and her husband, Ulysess Grant Nole, purchased the property in question. In July of 1974, there appeared in a Columbia daily newspaper a notice of tax sale which included the subject property.

The attack upon the validity of this notice centers upon the factual recitals with respect to the property ownership and taxes due. The description of the property and the timeliness and frequency of publication, the proper newspaper for publication, and the other statutory requirements are conceded.

The portion of the notice upon which the issues turn is:

"City of Columbia, Boone County, Missouri, Stroebel Sub–division, Lot 13, Ulysess Grant Nole; 1969–$54.73; 1970–$51.03; 1971–$39.17; 1972–$37.62–$182.55."

On August 26, 1974, defendant Wenneker bought the property at a tax collector's sale for $190.05. In July of 1975, Ulysess Grant Nole remarried after the dissolution of his marriage from plaintiff and joined with his new wife to quit–claim all interest in the property to plaintiff.

On August 26, 1976, after the two year statutory redemption period had passed, the City Collector conveyed by deed the property to defendant Wenneker.

Two years later, on September 22 of 1978, defendant Wenneker and his wife conveyed by quit–claim deed all of their interest in the property to defendants Oliver and Lane. Seven days after this conveyance, defendant Oliver instructed a real estate broker to inspect the premises and to notify plaintiff to vacate. That notice precipitated the instant suit which was filed in February, 1979, and tried in June, 1979.

Plaintiff continuously occupied the property from 1968 to the time of trial in 1979. There was evidence from the plaintiff that the market value of the property in 1974 was $16,500; defendant Wenneker stated it was worth $20,000 to $22,000 in 1976.

The relevant City ordinance pertaining to tax collection, Section 16.180 of the Revised Ordinances of the City of Columbia, provides:

"[T]he enforcement of all taxes shall be made in the same manner and under the same rules and regulations as are or may be provided by law for the collection . . . of state and county taxes . . . ."

Both parties concede that Chapter 140 RSMo 1969 sets out the requirements for sales of this nature for the collection of taxes.

Plaintiff relies on the following subsection of § 140.150 to support her position that the notice was invalid:

"(2) No real property shall be sold for state, county or city taxes without judicial proceedings, *unless the notice of sale contains the names of all record owners thereof, or the names of all owners appearing on the land tax book* and all other information required by law." (Emphasis supplied).

Both parties agree that plaintiff was a record owner and that her name did not appear in the notice. The point of contention is whether or not plaintiff's name "appeared on the land tax book." If plaintiff's name did appear as an owner on the "land tax book" and her name was omitted from the notice, the resulting sale was void and conferred no title on defendants. *Mitchell v. Atherton*, 563 S.W.2d 13 (Mo. banc 1978). Mo.Const. Art. X, § 13.

The following evidence was offered by plaintiff.

A cancelled check, dated September 14, 1970, payable to the City, which plaintiff stated was payment for the 1968–69 real estate taxes, was in evidence. (The amount of this check is consistent with payment for two years taxes, adjusted for penalty).

A cancelled check and a tax receipt from the City, made out in plaintiff's name alone, which evidenced payment of the 1973 taxes, were introduced. This receipt was dated December 17, 1973, while the check was dated December 6, 1973. Both the checks for the 1968–69 taxes and for the 1973 taxes were drawn on an account which, so far as the checks indicate, was an account

in the name of Doris Nole. Her then husband's name, Ulysses Nole, nowhere appears in these transactions.

The published notice was offered as an exhibit, and a Mr. Phillips who was the City Collector at the time of the sale testified. Phillips testified that the tax statement sent to plaintiff in 1973 was prepared from the City tax rolls and was an official notice and receipt. The name shown on the receipt would be the name on the tax roll. Phillips also stated that the tax records for 1969 through 1973 were unavailable at the time of trial. It appears from the briefs that by the time of trial the records had been destroyed.

The collector's deed recites that the land was sold pursuant to tax delinquencies for the years 1969, 1970, 1971, 1972, and *1973*. The published notice stated that taxes were due for the years 1969, 1970, 1971, and 1972. Taxes for *1973* were not shown as delinquent *in the notice*. Defendants did not offer any evidence to support the validity of the notice or to show that the name on the tax rolls was Ulysess Nole as the notice and deed recited. Defendants chose to rely on § 140.460 RSMo 1969 which states that the introduction of a collector's deed is "prima facie evidence" of the validity of the sale and all "prior proceedings." Defendants correctly state that *Mitchell v. Atherton, supra,* holds that the term "prior proceedings" in § 140.460 includes notice of the sale. *Mitchell, supra* at 18. Thus, defendants' case rested on the "prima facie evidence" of the notice and the collector's deed.

The basic legal principles applicable to these facts are not in dispute. Both parties concede that under § 16.180 of the Revised Ordinances of the City of Columbia, Chapter 140 RSMo 1969 (Jones–Munger Act) sets out the requirements for sales of this nature for the collection of taxes.

Plaintiff relies on the following subsection of § 140.150 to support her position that the notice was invalid:

"(2) No real property shall be sold for state, county or city taxes without judicial proceedings, unless the notice of sale contains the names of all record owners thereof, or the names of all owners *appearing on the land tax book* and all other information required by law."

The "other information required by law" is set out in § 140.170(2), which states:

"In addition to the names of all record owners or the names of all owners *appearing on the land tax book*, it is only necessary in the printed and published list to *state in the aggregate the amount of taxes*, penalty, interest and cost due thereon, *each year separately stated,* . . . ."

In *Shuck v. Moore*, 232 Mo. 649, 135 S.W. 59 (Mo.1911) the court deemed a tax deed void for failure to publish the notice in the true owner's name. The court stated:

"Service of process by publication is in derogation of common law, is a creature of statute, is harsh at best and highly technical; hence must be strictly pursued." 135 S.W. at 61.

*See also Wates v. Carnes*, 521 S.W.2d 389 (Mo.1975), in which the sale was set aside because the notice was published prematurely.

*Costello v. City of St. Louis*, 262 S.W.2d 591 (Mo.1953) is the case cited most often for the proposition that the statutory requirements of Chapter 140 must be strictly adhered to. *Costello* was a misdescription and inadequacy of consideration case; and, in overturning the sale by declaring the deed void, the court said:

"Under the Jones–Munger Act, the proceeding preliminary to and the sale of property by the collector for delinquent taxes is administrative in character; such preliminary proceedings and sale are non–judicial and ex parte in their nature. No court guides the collector or his proceedings, and he proceeds upon his own advice. In making his land delinquent list, in his notice and advertisement of sale, in his conduct of the sale, and in his preparation and execution of his certificate of purchase and his deed the Collector must strictly follow and observe the admonition of the statutes in this summa-

ry process of taking away from the citizen the title to the latter's land. In this case, the Collector did not observe the statutes. And in such cases equity will afford relief." *Supra* at 596.

*Beckwith v. Curd*, 347 Mo. 602, 148 S.W.2d 800 (1941), overturned the sale because the notice of sale did not include all the years of delinquency as required by statute. And in *Heppler v. Esther*, 534 S.W.2d 533 (Mo.App.1976), the sale was set aside because the blank in the collector's deed which was supposed to recite the years of delinquencies was not filled in pursuant to § 140.460.

*Beldner v. General Electric Co.*, 451 S.W.2d 65 (Mo.1970), mentioned the "alleged defect" of a variance between the actual years of delinquency and those recited in the notice, but the case was decided on misdescription grounds.

Inadequacy of consideration served as a basis for setting aside many tax collector's sales, prior to the holding in *Powell v. County of St. Louis*, 559 S.W.2d 189 (Mo. banc 1977), but that case holds that inadequacy of consideration may not serve as the sole basis for setting aside a sale under the Jones–Munger Act.

▮ The issue is whether, from all the evidence in the case, the judgment is against the weight of the evidence. That issue must be determined consistent with the admonition that in setting aside a judgment on the ground that it is against the weight of the evidence, the reviewing court is to exercise caution and to do so only upon a firm conviction that the judgment is wrong. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

The plaintiff in this case, despite the handicap of the long delay occasioned by the failure of the purchasers to assert their claim, has contradicted some of the recitals supporting the collector's deed.

Before a consideration of the evidence presented on the issue, it is necessary to determine the effect of the statutory language of § 140.460 RSMo 1969 making the deed and its recitals "prima facie evidence."

That same statutory language was construed in *Brotherhood of S. Engineers v. City of St. Louis*, 212 S.W.2d 454 (Mo.App. 1948), where the issue was to determine the effect of the language of Section 14957 RSMo 1939 (repealed 1945), "any such certificate to be *prima facie evidence* of the qualifications of the person to whom it is issued." (Emphasis supplied).

In considering the effect of that language in the face of evidence disputing the qualifications "evidenced" by the certificate, the court said:

> "The term 'prima facie evidence' has a distinct and well settled meaning in the law. Prima facie evidence is not conclusive evidence. On the contrary, it is evidence which, for the time being, produces a certain result, but which result may be repelled. It is initially sufficient, in the judgment of the law, to establish the fact to which it relates, but it leaves the question open to further inquiry. It is merely evidence which shows the existence of the fact at first sight or on first appearance. It is always subject to contradiction; and if it is contradicted by other evidence, the truth of the matter in issue is then to be determined in the light of all the pertinent facts and circumstances. *Missouri Dist. Tel. Co. v. Southwestern Bell Tel. Co.*, 338 Mo. 692, 93 S.W.2d 19; *Transamerican Freight Lines v. Marcrome Art Marble Co.*, 236 Mo.App. 272, 150 S.W.2d 547." *Brother of S. Engineers v. City of St. Louis*, *supra* at 459.

In the light of that statement, the collector's deed and the notice, which is all the defendants offer to support their title, are not conclusive and at best become only *some* evidence when evidence is offered to contradict the recitals of the notice and deed.

The critical areas of recital in the collector's deed are the recitals of unpaid taxes and, in the publication of notice, the accuracy of the recital of the person or persons in whose name the taxes were assessed. It is conceded in this case that the record owners of the property were not notified and the collector's deed on the issue of notice must

stand or fall on the alternative ground that the person or persons in whose name the taxes were assessed were properly notified by the publication. The unequivocal proof on the part of the plaintiff is that she received the tax bill for 1973 indicating she was the taxpayer on the tax rolls. She paid those taxes in December of 1973 as evidenced by the tax receipt and her check payable to the collector properly endorsed and deposited and charged to the plaintiff's account. The defendant's attorney conceded during closing argument that receipt by plaintiff of a statement in her name "meant that she was on the tax roll," as well as the collector's testimony that the receipt was issued to the person or persons on the tax roll.

The collector's testimony on this point strongly suggests several inferences. On the issue of notice, the inference arises from his testimony and the plaintiff's proof of payment that the property was assessed in her name alone in the year 1973 and that she would have been carried on the tax rolls in the year 1974 as the person in whose name the taxes were assessed. The collector was required by § 137.225 RSMo 1969, to prepare the tax books "with the name of the owner if known, if not the name of the party who paid the last tax." It is inescapable that the name of the plaintiff appeared on the tax rolls. Thus, the recital of both the deed and the notice are in error in showing the taxes returned delinquent in the name of Ulysess Nole.

Insofar as the delinquency of the tax is concerned, the plaintiff's proof is sufficient to support a finding of the payment of the 1969 taxes. Taken with the collector's testimony, the plaintiff's proof is indisputable as to the payment of the 1973 taxes.

The validity of the recitals of the notice and the collector's deed are further weakened by the inherent contradiction as to the delinquency. The notice did not show the taxes for 1973 as delinquent while the collector's deed did recite a delinquency for 1973. Balanced against this evidence is only the statutory admonition that the re-

citals of the collector's deed shall be prima facie evidence of the truth of the matters recited.

■ The foregoing analysis gives rise to the inescapable conclusion that the weight of the evidence is contrary to the trial court's implicit finding as to the name in which the property was carried on the tax roll. The tax collector's deed may not be sustained as a valid conveyance of title when the notice of sale is not published in the name appearing on the tax rolls.[1] *Shuck v. Moore, supra; Mitchell, supra.*

It is also apparent that the recital of the collector's deed that the 1973 taxes were delinquent is in error, and it is very likely that the proof is sufficient to show that the 1969 taxes were also paid. It is unnecessary to rest a decision on this ground, but such error in the fundamental accuracy of the tax deed weighs in the scale in deciding the controlling issue in the case.

The destruction of the tax records has worked to the disadvantage of both parties in this case as eliminating the best source of proof with respect to the person in whose name the taxes were assessed and the status of the taxes with respect to delinquency.

The destruction of the tax records is inexplicable in the light of §§ 109.200 to 109.270 RSMo 1978 (effective August 13, 1972), the State and Local Records Law which prohibits destruction of records except as authorized by the State Records Commission, and the implementation of that statute by the Missouri Municipal Records Manual promulgated by the Commission on December 18, 1973. The Manual directs, in conformity with the statute, that delinquent tax books and real estate tax books be retained for six years. *Manual, supra* at 20.

The defendants, however, can hardly complain of their inability to support the collector's deed with proof from the records of the city in view of the fact that they delayed in making known their interest in the property until four years after the sale

1. It is not disputed that Doris Ellen Nole, one of the record owners, was not named.

and, thus, almost nine years from the critical period of the earliest claim of tax delinquency. *Powell, supra,* holds that inadequacy of consideration is not in and of itself a ground for setting aside the tax collector's deed under the Jones–Munger Act. However, the circumstance of a sale of the property for a token amount of city taxes and the delay of the defendants in making known their claim to the property for almost two years following the delivery of the collector's deed, and four years beyond the date of the sale certainly are circumstances which should be considered in this equitable proceeding to cancel a tax deed. Based upon the foregoing, a firm conviction is born that the judgment is wrong.

The judgment of the trial court is reversed with directions to enter an order cancelling the tax deed and directing the collector of revenue of the City of Columbia to refund to the defendants the amount paid at the collector's sale in accordance with the statutes.

All concur.