**TRAILWOODS HOMEOWNERS' ASSOCIATION, Appellant/Plaintiff,**

v.

**Michael SCOTT, et al., Respondents/Defendants.**

No. 70468.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 18, 1997.

Marvin J. Nodiff, Elia M. Ellis, Clayton, for appellant/plaintiff.

Charles A. Lee, Jr., Don R. Williams, Clayton, for respondents/defendants.

CRANDALL, Judge.

Plaintiff, Trailwoods Homeowners' Association, appeals from the trial court's judgment entered for defendant, Michael Scott, on his counter-claim, in this action involving title to real property.[1] We affirm.

The property at issue (hereinafter "parcel") is approximately one acre located near the entrance to a subdivision in Black Jack, Mo. Development of the subdivision began in the 1970's and Alan L. Lieberman and Harold B. Lieberman acted individually and through Trailwoods Development Company as developers of the subdivision. The subdivision was never completed and the parcel is part of the uncompleted portion.

The taxes for the parcel were not paid for the years 1988 to 1992. On August 23, 1993, defendant purchased the parcel at a tax sale. In late August 1993, defendant's son informed one of plaintiff's trustees that the parcel had been purchased at a tax sale. Plaintiff later learned that the Liebermans failed to add the parcel as common ground to

1. The original action was brought by three individuals "in their capacity as Trustees of Trailwoods Subdivision, an unincorporated association." Trailwoods Homeowners' Association was incorporated in April 1994, and the trial court subsequently sustained this association's motion to substitute it as party plaintiff. For purposes of this appeal, Trailwoods Homeowners' Association will be referred to as plaintiff.

the subdivision.[2] Plaintiff claims one of its trustees offered to reimburse defendant for the amount paid at the tax sale. Plaintiff brought an action to quiet title and defendant counter-claimed. The Collector of Revenue and the Liebermans were named third party defendants.

After a hearing, the trial court found: (1) plaintiff established that title vested prior to 1988 in favor of the trustees of the Trailwoods Subdivision Landowners Association by adverse possession against Trailwoods Development Company; (2) plaintiff is the successor in interest to the Trailwoods Subdivision Landowners Association; (3) no deeds were placed in evidence establishing that the trustees of the Trailwoods Subdivision Landowners Association transferred the parcel to plaintiff; (4) defendant purchased an interest in the parcel as a result of a collector's sale on August 23, 1993, and no evidence was presented that plaintiff or its predecessors in title ever redeemed the parcel; (5) plaintiff filed no pleadings challenging the validity of the collector's deed under which defendant claims title; (6) no evidence was presented to establish that the parcel was exempt from taxation and thereby render the tax sale void; and (7) the Liebermans were in default. The trial court entered judgment for defendant and plaintiff appeals.

In a court-tried civil case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Plaintiff argues in its first point that once the trial court found it obtained title to the parcel by adverse possession, then the court should not have required it to disprove, discredit or weaken defendant's claim of title. Plaintiff contends that the test in cases for competing claims to title is for the respective parties to prove better title than the other.

■ There are cases cited by plaintiff involving tax sales where courts have stated that when both parties seek to quiet title in

their favor, the burden of proof is upon the respective parties to prove better title than the other. *Mitchell v. Atherton,* 563 S.W.2d 13, 17 (Mo. banc 1978); *Moise v. Robinson,* 533 S.W.2d 234, 240 (Mo.App.1975). However, these cases recognize that under § 140.460 a tax deed is prima facie evidence of valid title. *Mitchell,* 563 S.W.2d at 17; *Moise,* 533 S.W.2d at 241. Section 140.460.2, RSMo 1994 provides that a tax deed "is prima facie evidence of a good and valid title in fee simple in the grantee...." Although a tax deed is prima facie evidence of good title, this does not prevent an opponent from offering evidence at variance with the title. *Mitchell,* 563 S.W.2d at 18; *Moise,* 533 S.W.2d at 241; *Ruley v. Drey,* 643 S.W.2d 101, 103 (Mo.App.1982). But permitting plaintiff to offer such evidence, does not negate the statutory language that a tax deed is prima facie evidence of valid title. The party challenging a tax deed has the burden to prove its invalidity. *Mason v. Whyte,* 660 S.W.2d 383, 385 (Mo.App.1983); *Ruley,* 643 S.W.2d at 103.

■ Plaintiff suggests its title by adverse possession constitutes evidence at variance to defendant's title by virtue of a tax deed. However, "title by adverse possession is not a defense to a suit for delinquent taxes, or a sufficient reason for not paying taxes, or in itself a reason for setting aside a tax sale." *Byrnes v. Scaggs,* 247 S.W.2d 826, 831 (Mo. 1952). Plaintiff's title by adverse possession is not superior to defendant's title and its first point is denied.

Plaintiff argues in its second point that the trial court erred when it found that plaintiff was the successor in interest to the Trailwoods Subdivision Landowners Association rather than the trustees and that the trustees of the unincorporated subdivision failed to convey title to the plaintiff. Plaintiff contends that the trial court improperly based its judgment on these findings. Disposition of plaintiff's first point renders this point moot.

---

**2.** An "assessor's drawing" of the subdivision was entered into evidence. This drawing depicts certain portions of the subdivision as "common ground" or "common land," but the parcel is not depicted as common ground.

The judgment of the trial court is affirmed.[3]

AHRENS, C.J., and RHODES RUSSELL, J., concur.

---

**3.** Defendant's motion to dismiss the appeal is overruled.