Bernard L. MAZURKIEWICZ, Respondent,

v.

Steven and Laura KEMPER, Appellants.

No. ED 88520.

Missouri Court of Appeals, Eastern District, Division Two.

June 26, 2007.

**536**

James A. Marks, II, Perryville, MO, for appellant.

Terry R. Rottler, Ste. Genevieve, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Stephen and Laura Kemper ("Kempers") appeal from the judgment in favor of Bernard Mazurkiewicz ("Mazurkiewicz") on his petition to quiet title to a one-acre tract of land in Ste. Genevieve County. On appeal, the Kempers argue the trial court erred in quieting title in favor of Mazurkiewicz because (1) Section 140.590, RSMo.2000,[1] bars any legal challenge to a collector's deed more than three years after its recording, and (2) Mazurkiewicz failed to affirmatively defeat the collector's deed in order to prevail on his quiet title action, as required by Sections 140.460 and 140.610. We reverse and remand.

Mazurkiewicz is the owner of approximately 110 acres located in Ste. Genevieve County which he obtained from his aunt and uncle, Rose and Ray Hunt ("Hunts"), in 1997. At the time of trial, Mazurkiewicz was 77 years old.

Mazurkiewicz testified he routinely visited, used, and enjoyed the property from the time the Hunts acquired it in 1944. He testified he constructed a fence around the perimeter of the land and ran cattle on the farm for many years. He testified he was very familiar with the property and what was located on it. He testified he brought his son to the property nearly every weekend. His son, who was an avid hunter, testified that together with the help of a friend, spent considerable time constructing small roads and pathways through the wooded areas. There was evidence that over the years, the Hunts and Mazurkiewicz consistently paid taxes on the property and never received a notice of delinquency. However, Mazurkiewicz testified the Hunts had only paid taxes on 110 of their 111 acres, and there was a one-acre tract of land that was not taxed to them or paid by them.

In 2003, the Kempers were looking to purchase a piece of delinquent property, to use as a camping lot, through the Ste. Genevieve Collector's Office ("Collector's Office"). The Kempers located one such property in the inventory of tracts which had been conveyed to David Weber ("Weber"), Ste. Genevieve County Trustee, after being offered three times to the public with no bid being submitted. The property had been delinquent in payment of taxes for the years 1993 through 1997. The Kempers paid "somewhere between One Hundred Fifty Dollars ($150.00) and Two Hundred Dollars ($200.00)" in exchange for interest to the one-acre tract. The legal description of the property as found in the Weber Deed was as follows: "Pt. NE ¼ SE ¼ of Section 7–36–7. Parcel No.:

---

**1.** Unless otherwise indicated, all further statu-    tory references are to RSMo 2000.

17 3.0 007 00 000 0007.00."[2] Thereafter, the Kempers set out to locate the property. They had some difficulty locating the alleged tract, which the Ste. Genevieve Assessor's Office ("Assessor's Office") indicated was in an area north of State Highway 32. The Kempers eventually contacted Mazurkiewicz and asked for access to their alleged property. Mazurkiewicz asserted his ownership to the property and refused the Kempers' request. The Kempers returned to the Assessor's Office and were told by a member of the staff that she did not know where the tract was located and that they would have to locate it themselves.

The Kempers then researched the title of the property through county records, beginning with Lyman Taylor, to whom tax records showed the property had been assessed prior to Weber obtaining title, through a variety of conveyances until arriving at a deed from 1876 to Abel Babb ("Babb"). At the time of the Babb Deed, the chain of title showed Peter Dorlac was the owner of the tract and had executed a Deed of Trust secured by the property. There was no entry in the county records showing the source of Babb's title, but the Kempers located an entry in an old tax record showing the reference to Babb's name and the same section, township, and range as his 1876 deed. The page was marked "special execution," but there was no explanation for what that meant. Although the Babb Deed was made to a rural school board, there was evidence that the nearest country school was three-eighths to one-half mile away. The Kempers hired a surveyor and had the Babb Deed platted and marked. The survey showed that the one-acre tract was located within the outer boundaries of Mazurkiewicz's property.

Mazurkiewicz filed an action to quiet title to the one-acre tract and for an injunction to keep the Kempers off the property. The Kempers filed an answer denying Mazurkiewicz's claims. After hearing all the evidence, the trial court found in favor of Mazurkiewicz on his petition to quiet title to the disputed one-acre tract. In its judgment, the trial court found as follows:

> Based upon the evidence the Court finds [Mazurkiewicz] has superior title based upon the chain of title as presented in evidence as to that certain one-acre tract described in [the Kempers'] exhibit B herein. [The Kempers'] claim to title starts from a tax deed and traces back the "Babb deed" as the originating deed but provides no confirming evidence of Babb's title to convey. The Court finds that the one acre tract as described in [the Kempers'] Exhibit B is in fact contained within the legal description of [Mazurkiewicz's] tract as described in [Mazurkiewicz's] petition and as such the claims of the parties are in conflict. The Court finds that [the Kempers'] collector's deed is prima facie evidence of good title and creates a presumption of good title but such may be overcome based upon the evidence.

This appeal follows.

■ As in any court-tried case, in an action to quiet title we review the trial court's judgment under the standard established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Stadium West Properties., L.L.C. v. Johnson*, 133 S.W.3d 128, 132 (Mo.App. W.D.2004). The judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

---

**2.** The preceding Collector's Deed to Weber stated: "Pt NE ¼ SE ¼ Section 7 Township 36 Range 7 1.00 Acre Parcel # 17 3.0 007 00 000 7.00."

■ In applying the above standard, we defer to the trial court's credibility determinations, viewing the evidence and permissible inferences therefrom in the light most favorable to the judgment and disregarding all contrary evidence and inferences. *McCord v. Gates,* 159 S.W.3d 369, 373 (Mo.App. W.D.2004). That is because credibility of witnesses and the weight to be given their testimony is a matter for the trial court, which is free to believe none, part, or all of any witness' testimony. *Id.*

We find the Kempers' second point dispositive of this appeal and therefore, need not address their first point.

■ In their second point, the Kempers argue the trial court erred in quieting title in favor of Mazurkiewicz because he failed to affirmatively defeat the collector's deed in order to prevail on his quiet title action. Specifically, the Kempers contend that under Sections 140.460 and 140.610 a parcel of land purchased after a third sale, as was the disputed tract in the instant case, is presumed to defeat all prior claims to title. We agree.

Section 140.460 provides in pertinent part:

2. Such deed shall be prima facie evidence that the property conveyed was subject to taxation at the time assessed, that the taxes were delinquent and unpaid at the time of sale, of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, that said land or lot had not been redeemed and that the period therefor had elapsed, and prima facie evidence of a good and valid title in fee simple in the grantee of said deed. . . .

Section 140.610 provides:

*Proof by claimant of invalidity of sale.* In all suits and controversies involving the title of land claimed and held by virtue of the deed executed by the county collector for nonpayment of taxes thereon, under this tax law, the person claiming by adverse title to such deed shall be required to prove, in order to defeat the title conveyed by such deed, either that the land described therein was not subject to taxation at the date of assessment of the tax for which it was sold, or that the taxes for the nonpayment of which the land was sold were paid to the proper officer within the time limited by law therefor, or that the same had not been assessed for the taxes for the nonpayment of which it was sold, or that the same had been redeemed pursuant to law, or that a certificate in proper form had been given by the proper officer, within the time limited by law for paying taxes or for redeeming from sales made for the nonpayment thereof, stating no taxes were due at the time such sale was made, or that at the date of the deed the redemption period had not expired.

Here, the trial court erroneously applied the law as articulated in Sections 140.460 and 140.610. The central issue at trial was not whether Mazurkiewicz's chain of title going back in time was better than the Kempers.' Under Sections 140.460 and Section 140.610, a parcel of land purchased after a third sale is presumed to defeat all prior claims to title. The issue therefore is whether Mazurkiewicz could defeat the collector's deed in the Kempers' chain of title.

Section 140.610 does not require consideration of previous deeds and conveyances because once a parcel of land has been tax-forfeited under Chapter 140, it receives "new" title status in the hands of an assignee. Section 140.460(2) gives this status of "new title" to a collector's deed. As

the court noted in *Powell v. St. Louis County*, 559 S.W.2d 189, 195 (Mo. banc 1977) with respect to the purpose of Chapter 140: "the prudent purchaser who satisfies himself that the sale is regular in all other respects may be confident he is receiving a fully marketable title." The court further held:

However, the legislature recognized that if the property was not sold on the first or second offering and the taxes remained delinquent, other steps would be necessary to secure payment. In s 140.250 it provided that the property should be offered a third time and at that sale it was not required that the amount bid equal taxes, penalties, interest and costs due. Instead, the property is to be sold and conveyed to the highest bidder, regardless of the amount bid, and there is to be no period of redemption. It added s 140.260 to enable counties or cities to have someone bid on and purchase the property and later sell it in order to collect their taxes. Those provisions, we conclude, indicate that the legislature intended such sale to be final and valid, provided the sale met the requirements as to notice, description, etc., specified in Chapter 140, and provided the purchaser complied with s 140.250. *We find support for this conclusion in the language of s 140.610 which provides that in suits involving title to land claimed under a collector's deed executed for nonpayment of taxes thereon, the person attacking the deed shall be required to prove, in order to defeat the title conveyed by such deed, one of several enumerated grounds.*

*Id.* [Emphasis added.]

In the instant case, Mazurkiewicz had the burden of proof, but did not allege or present any evidence proving any of the above enumerated bases for challenging the collector's deed under Section 140.610.

Specifically, Mazurkiewicz presented no evidence establishing: that the one-acre parcel was not subject to taxation; that the taxes owed on the one-acre parcel were paid between 1993 and 1997; that the one-acre parcel was not assessed taxes between 1993 and 1997; that the delinquent taxes were redeemed pursuant to law; that a certificate had been issued by the collector stating no taxes were due; or that a redemption period had not expired. Under Chapter 140, it was incumbent upon any person claiming title to the one-acre tract to pay the past-due real estate taxes between 1993 and 1997. When Mazurkiewicz failed to do so, the Collector "foreclosed" on the property and established a new chain of title. It is this "new" chain of title that Mazurkiewicz had the duty but failed to defeat in this case.

In addition, the trial court's judgment fails to follow the well-established common law rule that to cancel a tax deed, a claimant must prevail on the strength of his own title and not upon any weakness in the title of the other claimants. *Moise v. Robinson*, 533 S.W.2d 234, 240 (Mo.App.1975). Here, the trial court's judgment in favor of Mazurkiewicz was based on the weakness of the Kempers' title, as the trial court stated

Plaintiff has the superior title based upon the chain of title as presented in evidence as to that certain one-acre tract described in Defendant's Exhibit B herein. Appellant's claim to title starts from a tax deed and traces back the "Babb deed" as the originating deed but provides no confirming evidence of Babb's title to convey.

According to the trial court, Mazurkiewicz prevailed because of a deficiency in Kempers' title, their inability to trace "back" from the Babb deed, and not due to the strength of Mazurkiewicz's own title. *Trailwoods Homeowners' Ass'n v. Scott,*

938 S.W.2d 669, 670 (Mo.App.E.D.1997)(holding that the party challenging a tax deed has the burden to prove its invalidity). Mazurkiewicz presented no evidence to defeat the collector's deed, nor did he plead any error in the collector's deed, or allege any other irregularity under Chapter 140. Point two is granted.

We reverse the trial court's judgment, and order the trial court to decree quiet title in the Kempers as to the disputed one-acre tract in accordance with the collector's deed, trustee's deed, and survey.

GEORGE W. DRAPER III, P.J. and PATRICIA L. COHEN, J., concur.