Carol Mae **HARTLEY**, Respondent,

v.

E. Lane **WILLIAMS**, Appellant.

No. 7410.

Springfield Court of Appeals.

Missouri.

Jan. 13, 1956.

The cause was tried in Division II of the Circuit Court of Greene County and judgment rendered for plaintiff, decreeing the rescission of the contract and that defendant pay the plaintiff the sum of $976.99. Defendant appealed.

The amended petition alleges that on July 1, 1950, a written contract was entered into between defendant and plaintiff whereby defendant agreed to sell plaintiff a house and lot in Springfield, Missouri (described), for $4,500; the purchase price to be paid, $500 cash on signing of contract, and the balance in monthly instalments, $40 each, first instalment payable August 1, 1950, with 6% interest payable semi-annually, January 1st and July 1st, of each year.

It alleges that sufficient payments were made to reduce the balance due to $2,997.74 and that plaintiff requested defendant to furnish an abstract showing good merchantable title free and clear from all liens and encumbrances except taxes due and payable in 1951, and requested that defendant execute and deliver to plaintiff a warranty deed to said property and stated that plaintiff would execute her note for the unpaid balance, bearing interest at 6% per annum, payable semi-annually.

The petition pleads that plaintiff paid a total of $2,680. on the purchase price of the property, $341.08 in repairs, taxes and insurance, making a total payment of $3,021.-08 and that she received rents totaling $1,-380.

It pleads compliance by plaintiff with the terms of the contract and defendant's failure to comply; that plaintiff is now and long has been ready and willing to comply with the contract but defendant failed to furnish an abstract showing good merchantable title.

It pleads that when plaintiff learned of the defective title she immediately rescinded the contract, offered to return the property to defendant with all rents collected thereon and offered to do complete equity; that defendant refused tender of the property and now intends to enforce the terms

J. D. Gustin, Wayne T. Walker, James H. Holt, Springfield, for appellant.

James H. Keet, Homer D. Wampler, Jr., Springfield, for respondent.

McDOWELL, Presiding Judge.

This is an action in equity to rescind a written contract made between plaintiff and defendant for the purchase of a house and lot in Springfield, Missouri, and for restitution.

of the contract, and plaintiff has no adequate remedy at law.

The contract is annexed to the petition as plaintiff's exhibit (A) and made a part thereof.

The prayer is for rescission and for restitution.

The answer admits the making of the contract as alleged; admits that plaintiff made payments as provided in the contract until May 12, 1954, and that the amounts alleged in the petition as paid are correct; that the payment reduced the balance due on the property to slightly less than $3,000, but, since May 12, 1954, no payments have been made.

It alleges that defendant delivered to plaintiff an abstract of title which was examined by her attorney and, since that time, has been fully advised as to the condition of title; that she entered into possession of the property and has remained in possession and appropriated all income therefrom, paid taxes, insurance, made changes and alterations, paid monthly payments without protest, demand or objection; that she without excuse quit making payments but still exercises rights of ownership.

It denies tender of property to the defendant as alleged. It denies that defendant failed to deliver a good and sufficient warranty deed conveying merchantable title with abstract but pleads that on June 10, 1954, defendant tendered to plaintiff a warranty deed with abstract of title, which plaintiff refused to accept and execute her note for the balance of the purchase price; that defendant has complied with all the conditions of the contract but plaintiff has failed to comply and has forfeited all her rights under said contract in the property.

It pleads that after the taking of possession, exercising of ownership, making repairs, paying taxes without protest or objection with knowledge of the conditions of the title, plaintiff cannot now in good conscience and equity claim the right to rescind.

Briefly stated the evidence is that the contract annexed to plaintiff's petition was executed as alleged. Under the terms of the contract plaintiff agreed to pay defendant $4,500 for a house and lot in Springfield; $500 cash upon the execution thereof, and balance, $4,000 in monthly instalments of $40 each, the first payment to be made August 1, 1950, and $40 each month thereafter; 6% interest to be paid semi-annually, on the first of January and August of each year. The contract provided that upon plaintiff's demand defendant would convey to plaintiff by good and sufficient warranty deed the property when indebtedness was reduced to $3,000 or less and plaintiff would execute her promissory note for balance of purchase price, bearing 6% interest, payable semi-annually. Defendant was obligated to furnish plaintiff an abstract showing good merchantable title in him.

It showed that defendant furnished plaintiff with an abstract of title in 1951; that she had the same examined by an attorney and was advised that the record title was not a good merchantable title; that she advised defendant's attorney and defendant of the objections to the title and that defendant promised he would furnish a good title when the time came to make the deed. The evidence shows that plaintiff did not return to Springfield until June 10, 1954, at which time a conference was held with defendant's attorney, Mr. Gustin, in his office; that parties' attorneys were present and defendant stated he would still live up to his part of the contract; that he would give plaintiff a clean deed and title to the property as stipulated; that plaintiff's attorney advised defendant, in presence of his attorney, that the title was not good; that defendant stated the title was good and he would not spend one dime to have it perfected.

It was contended by defendant that in the conference plaintiff's attorney agreed that all exceptions to the title would be waived except the objection to the tax title, under which defendant claimed. The evidence is that plaintiff requested of defendant that he file an action to have the title corrected

and offered to pay half of the cost, which defendant refused to do.

Under the pleadings it is defendant's contention that he has a good merchantable title and that the abstract which he furnished plaintiff shows such title.

The evidence shows that plaintiff refused to pay any further instalments; that she tendered the property back to defendant and demanded of defendant restitution of the amounts paid on the purchase price and for taxes, repairs, etc., as set out in the petition.

The abstract of title, offered in evidence, shows defendant claims through a tax title filed for record December 21, 1939, wherein the property was purchased at a tax sale, third offering, for $30.59.

· Defendant states on page 2 of his brief: "Two clauses of this contract figure most materially in this case—one, that when the credits on monthly payments of the consideration had reduced the balance of the principal to $3,000.00 or less, defendant would execute and deliver a deed and take the plaintiff's note for the remainder; the other, that defendant agrees 'to furnish abstract showing merchantable title' free and clear of liens and incumbrances. The case rode off in the court below on the construction of the phrase quoted above."

In our opinion we will refer to appellant as defendant and to respondent as plaintiff, the position they occupied in the trial court.

Defendant's first allegation of error is that the petition fails to state a cause of action for rescission.

It is first urged that the petition does not plead plaintiff was defrauded. We find that the basis of plaintiff's action arises from a default in the performance of the contract by defendant. Therefore, we will not consider this objection. We agree with the statement made by defendant, in his brief on page 7, that: "The most that can be said of this petition is that it charges a breach of contract for failure to furnish

abstract showing 'good merchantable title'."

The cause was tried upon this theory and the judgment of the trial court is based upon it.

We do not agree with defendant's contention that failure to furnish an abstract showing good merchantable title, as provided in the contract of sale, is not ground for rescission.

It has long been held in this state that where the contract is executory and the defendant fails to fulfill his part and that such radical non-performance of mutual dependent covenants going to the very root and life of the contract amounts to an abandonment thereof and releases the other party to further recognize its obligations, equitable remedy of rescission will be applied. Jones v. Peterson, 335 Mo. 242, 72 S.W.2d 76, 86; 6 R.C.L., p. 925, Sec. 310; 13 C.J. p. 614, Sec. 664; 17 C.J.S., Contracts, § 425; Haydon v. St. Louis & S. F. R. Co., 117 Mo.App. 76, 93 S.W. 833.

In Jones v. Peterson, supra, 335 Mo. 242, 72 S.W.2d at page 86, the court comments on Haydon v. St. Louis & S. F. R. Co., 222 Mo. 126, 121 S.W. 15, cited by defendant, as follows:

"* *. * it was held that the plaintiffs therein 'must stand or fall' on what the writer of the opinion, Judge Lamm, termed a 'sensible limitation' on that doctrine, and which he quoted from Am. & Eng. Ency. Law (2d Ed.) Vol. 24, p. 619, as follows: 'A bill for rescission cannot ordinarily be maintained where the ground of relief is merely a breach of contract for which the complainant can obtain adequate compensation in an action at law. Courts of equity sometimes, however, exercise jurisdiction to rescind contracts upon the ground of a breach or nonperformance by the defendant in cases where the plaintiff's remedy at law would be inadequate.' * * *" The same doctrine is followed in Shafer v. Shafer, Mo.Sup., 190 S.W. 323.

All the cases cited by defendant, as to the existence of fraud, are not involved because under our interpretation of the petition, fraud is not an issue. Lincoln Trust Co. v. Nathan, 175 Mo. 32, 74 S.W. 1007; 12 Am.Jur. p. 1018, Sec. 438; Sherman v. International Life Ins. Co. of St. Louis, 291 Mo. 139, 236 S.W. 634.

This court, in Parsons v. Kelso, 141 Mo. App. 369, 125 S.W.227, 228, stated this law:

"The only remaining question is as to the right of Kelso to rescind the contract under the circumstances mentioned in this case. The principle involved in this case has been often decided in his favor, the courts uniformly holding that a court of equity will in a proper case declare a rescission of a contract for a violation of the covenants therein contained, because it would be against conscience to permit one party to violate the contract on his part, and still hold the other party to a compliance with it. Lincoln Trust Co. v. Nathan, 175 Mo. loc. cit. 44, 74 S.W. 1007. Since Parsons and Akers were not in a position to enforce specific performance, and could not furnish the title they had agreed to furnish, the court below followed the proper course in rescinding the contract and requiring Kelso to be placed in statu quo by giving judgment in his favor for the money which he had paid." See Dahler v. Meistrell, 224 Mo.App. 815, 24 S.W.2d 238.

It is contended by defendant that the petition and evidence shows that rescission of the contract had already been made and that the action was one for damages for such rescission.

We cannot agree with this contention. While the petition did state that, upon learning of the defects in 1951, plaintiff rescinded the contract. However, it was further shown that defendant stated he would comply with the contract when time came for making the deed, which was in June, 1954. The prayer of the petition, while not a part of the cause of action,

clearly shows that plaintiff sought rescission and restitution by having the parties put back in statu quo.

We find against defendant on allegation of error numbered I.

Defendant's allegation of error numbered II is that rescission is not supported by the evidence.

In the contract of sale defendant agreed to furnish an abstract showing good merchantable title. The abstract furnished shows that defendant claims under a tax deed, made in 1939, for a consideration of $30.59. Plaintiff objected to the title on the ground that a tax title is not a merchantable title. Plaintiff asked defendant to correct the title and offered to pay half of the expenses; defendant refused to have the title corrected and stated he would not give a dime to have it corrected. The trial court ordered rescission on the contract holding that a tax deed did not make a merchantable title. The sole question presented to this court is, Did defendant breach the contract of sale which required him to furnish an abstract of title that was merchantable by furnishing an abstract which shows that he claims under a tax title without any further showing and is this such a breach as would warrant a court of equity to grant rescission?

In the trial court's memorandum of opinion, he stated that the tax deed, through which defendant claims, dated December 21, 1939, is still subject to attack on the ground of inadequacy of consideration if one of the last preceding record owners or his heir is under disability and entitled to invoke the 24-year statute of limitation, Sections 516.030 and 516.050; and the court cited published pamphlet of the Missouri Bar entitled "Title Examination Standards" in which by Standards 23 and 26 they hold that in cases such as this, the title is not acceptable until 27 years have elapsed since the recording of the tax deed.

Our Supreme Court has held that a sale under the Jones-Munger Tax Law of property at the third offering does not prevent equity from setting aside a tax sale on the

grounds of gross inadequacy of consideration. Bussen Realty Co. v. Benson, 349 Mo. 58, 159 S.W.2d 813; Liese v. Sackbauer, Mo.Sup., 222 S.W.2d 84; King v. Fasching, Mo.Sup., 234 S.W.2d 549 (see cases cited under Section 140.250 V.A. M.S.—footnote 8).

Section 140.590 RSMo 1949, V.A.M.S., provides under certain conditions that actions brought to set aside tax deeds must be brought within three years. This section contains the provision "provided, that where the person claiming to own such land shall be an infant, or a person of unsound mind, then such suit may be brought at any time within two years after the removal of such disability."

In 17 Mo.L.Rev. pp. 401 and 402, this statute is discussed and the holdings of the Supreme Court interpreting it are set out and cases cited. On page 402 the author states:

"What is the significance of these two cases with reference to marketability of title under a tax deed where the grantee has not quieted title? These cases indicate that the purchaser under the tax deed has a much stronger position defensively than it was assumed previously that he had. On the other hand, a collector's tax deed of record for three years cannot, be passed by a title examiner. There are the express exceptions stated in the section itself. * * *"

Our courts have held that the vendor must always furnish the exact title called for by his contract. Aker v. Lipscomb, 300 Mo. 303, 253 S.W. 995, 996; Danzer v. Moerschel, Mo.Sup., 214 S.W. 849, 7 A.L.R. 1162; Reeves v. Roberts, 294 Mo. 593, 242 S.W. 956, 958.

The contract in the instant case requires defendant to convey title by warranty deed and furnish purchaser with an abstract showing good merchantable title. There are many ways that merchantable title can be shown, but, in the instant case, defendant relied solely upon the abstract of title showing the record entry of a tax deed,

made in 1939, whereby the property was acquired for a consideration of $30.59. There is nothing in the record evidence offered to explain the defects pointed out by plaintiff's attorney in refusing the title and the vendor refused to quiet the title.

In Leath v. Weaver, Mo.App., 202 S.W.2d 125, 131, it is stated:

" * * * It follows that the contract must be construed and enforced as written. We cannot substitute a different contract for the one executed by the parties." (Citing much authority.)

Under defendant's allegation of error II, he again discusses rescission for fraud (citing much authority). We have held that fraud is not an issue in this case.

Defendant states that after a declaration of rescission a vendee must not treat the property in any other manner than as a bailment for the vendor. We agree with this statement of the law.

In 12 Am.Jur. Sec. 339, p. 1020, the law is stated:

" * * * It is said that 'a rescission implies the entire abrogation of the contract and a restoration of the benefits received from the other party.' The contract does not exist for the purpose of supporting an action for damages. * * *"

We think the evidence supports the finding of the trial court that up until the time defendant finally refused to correct the title in 1954, when plaintiff demanded a deed, defendant had continued to say he would comply with the contract. It was at this time that plaintiff tendered back the property and offered to do equity. There is no merit under this contention.

Defendant contends that the tax deed offered is prima facie evidence of a marketable title and cites, in support of this contention, Shaw v. Armstrong, Mo.Sup., 235 S.W.2d 851.

In this case the court stated that a tax deed offered in evidence in an action

to quiet title was prima facie evidence of good title. This is a correct statement of the law but the offering of such a deed would not prevent his opponent to offer evidence at variance with such an offer which may prove fatal to the title.

In K.C.L.Rev. Vol. 20, p. 161, this question is discussed as follows:

" * * * Moreover, no useful purpose is served by making his deed prima facie evidence of title and then enumerating grounds for setting it aside, especially when statutory grounds cannot be made exclusive. Furthermore, it is not apparent what is gained by listing in detail what his deed is prima facie evidence of; it would seem enough to say that his deed is prima facie evidence of title without the elaboration contained in the Jones-Munger Law. * * *

" * * * And, since there is no advance determination of adequacy of consideration and no conclusive presumptions of validity, a claimant must resort to the quiet title procedure provided for in the Law itself or await the bar of the Statute of Limitations." Bussen Realty Co. v. Benson, 349 Mo. 58, 159 S.W.2d 813, 819. Also see footnote on page 162, where it is stated:

"It is the generally accepted title practice to require the grantee of a tax deed to quiet title against the delinquent owner or obtain a conveyance from him." See Flick, Abstract and Title Practice, p. 438 (1951); Patton, Land Titles, Sec. 272 (1938); Gill, Missouri Tax Titles, p. 89 (1938). See full discussion Title Examination Standards, § 26, Tax Titles, V.A.M.S. Vol. 23, c. 442 Appendix.

■■ In view of the law as set out herein we find that the defendant failed to comply with his contract in that he did not furnish an abstract showing merchantable title. This breach went to the very root of the contract and, as stated by the trial court, plaintiff would not have to accept

a lawsuit. We hold that plaintiff had no adequate remedy at law. It was a material breach which goes to the whole consideration of the contract and warrants rescission.

Judgment affirmed.

STONE and RUARK, JJ., concur.