**E. Decatur MITCHELL, Respondent,**

v.

**L. E. ATHERTON et al., Defendants,**

**Dave C. Mitchell, Appellant.**

**No. 59636.**

Supreme Court of Missouri,
En Banc.

March 13, 1978.
Rehearing Denied April 10, 1978.

William Hiett, R. M. Becker, John S. Beeler, Hiett, Becker & Beeler, Houston, for appellant.

Maurice Covert, Houston, F. Joe DeLong, III, Jefferson City, for respondent.

BARDGETT, Judge.

Defendant-appellant, Dave C. Mitchell, appeals from the judgment of the circuit court which quieted title to a certain parcel of real estate in plaintiff-respondent, E. Decatur Mitchell. The parties will be referred to as they appeared in circuit court. Defendant asserts jurisdiction is in this court because art. 10, sec. 13, Mo.Const., was the basis upon which the trial judge entered up judgment for quieting title in plaintiff. The circuit court held that art. 10, sec. 13, prohibits property from being sold for taxes unless the notice of sale contains the names of all record owners.

■ Defendant contends that art. 10, sec. 13, does not prohibit the sale of real property for taxes unless the notice of sale contains the names of all record owners thereof. This constitutional provision has not previously been construed. Jurisdiction of the appeal is in this court. Mo.Const., art. 5, sec. 3.

Plaintiff E. Decatur Mitchell filed suit November 30, 1973, to quiet title in himself to an 80-acre tract located in Texas County, Missouri. Plaintiff claims by a deed dated September 18, 1944, recorded October 15, 1945, from his father A. D. Mitchell and Virginia Mitchell, A. D.'s wife, to plaintiff E. Decatur Mitchell. A. D. Mitchell had previously acquired the tract from his brother, P. E. Mitchell, by deed dated June 17, 1943, recorded June 22, 1943. P. E. Mitchell was the father of defendant Dave C. Mitchell. Plaintiff and defendant are first cousins. The validity of plaintiff's deed is not in issue.

The only defendant who answered the petition was appellant Dave C. Mitchell who claimed title to the tract by a "Treasurer and Ex Officio Collector's Deed" for taxes, dated September 21, 1953, recorded September 24, 1953. This deed recited that Dave C. Mitchell had exhibited a certificate of purchase to the tract which he obtained by buying the same at public auction at the Texas County courthouse door on August 27, 1951, "for the sum of Ninety dollars and no cents, being the amount due on the following tracts or lots of land, returned delinquent in the name of P. E. Mitchell for non-payment of taxes, costs and charges for the years 1948 namely: [description of property]." The deed then continues: "which said lands have been recorded, among other tracts, in the office of said Treasurer and Ex-officio Collector, as delinquent for the non-payment of taxes, costs, and charges due for the year last aforesaid, and legal publication made of the sale of said lands; and it appearing that the said Dave C. Mitchell is the legal owner of said certificate of purchase and the time fixed by law for redeeming the land therein described having now expired, the said P. E. Mitchell, nor any person in his behalf having paid or tendered the amount due the said Dave C. Mitchell on account . . ."

A. D. Mitchell and his son, plaintiff E. Decatur Mitchell, lived in the state of California throughout this period. P. E. Mitchell lived in Texas County, Missouri, as did his son, defendant Dave C. Mitchell, except that Dave lived in the state of California from 1937 to 1947. Plaintiff testified his uncle P. E. Mitchell looked after the taxes for him. Plaintiff testified he paid the taxes on the property from the time he acquired title until 1973, except perhaps for 1948, in one of three ways: (1) the tax bills were sent to him by P. E. Mitchell and paid directly by plaintiff, (2) P. E. Mitchell would pay the taxes and plaintiff would reimburse P. E. Mitchell, or (3) in later years the tax bills were mailed direct to plaintiff by the collector and were paid directly by plaintiff. Plaintiff's best recollection was that the subject tract was not included in the tax statement he received for 1948 and that he wrote to P. E. Mitchell about that matter.

Defendant testified he bought the certificate of purchase in 1951. He paid no taxes on the land until November 1973. This suit was instituted November 30, 1973. Defendant has paid the taxes during the pendency of this case.

The circuit court made findings of fact and conclusions of law. It found, inter alia, that: Plaintiff's title from 1944 to 1953 was not and is not disputed; plaintiff paid the taxes from 1944 until 1973, except for 1948; plaintiff attempted to pay the 1973 taxes and learned that defendant had paid them; "The Court cannot make a finding as to payment of the 1948 taxes. The evidence is insufficient as to the payment of these taxes (the Plaintiff testified he recalled that there was some dispute about the 1948 taxes but he could not recall whether he paid the 1948 taxes or not; he did know that he had paid up to 1948 and from 1948 to 1973. The Court cannot infer that the taxes were paid for the year 1948; neither can the Court infer that the taxes were not paid

from the fact that the collector's deed recites that the land was sold for taxes due for the year 1948. There is no dispute that Plaintiff was the record owner in 1948 and prior thereto. If the collector erred in reciting that the 1948 taxes were returned delinquent in the name of P. E. Mitchell rather than in the name of the record owner (Plaintiff) then it could be inferred that an error was made and the taxes for 1948 were paid and were not delinquent.)"; plaintiff was the record owner of the land from 1944 to present and was the record owner in 1948; defendant has paid $95.17 for taxes in years 1973, 1974, 1975, and "Since the tax deed recites that the 1948 taxes were returned delinquent in the name of P. E. Mitchell, the Court finds by inference (there being no other evidence) that the notice of sale, if any, did not contain the names of the record owners."

The court concluded, inter alia, that the "1945 Missouri Constitution, Article 10, Section 13 prohibits real property from being sold for taxes unless the notice of sale contains names of all record owners, also Section 140.170 VAMS," and, therefore, decreed:

"The deed describing the Southeast Quarter of the Northwest Quarter and the Northeast Quarter of the Southwest Quarter of Section 24, Township 33 North, Range Eight West lying and being in Texas County, Missouri purporting to convey said land to Defendant Dave C. Mitchell by Walter J. Beeler, the treasurer and ex-officio collector of Texas County, dated September 1, 1953 and recorded in book 219 page 296 of the Texas County deed records, is void and of no legal effect and Defendant Dave C. Mitchell has acquired no right, title or interest in or to the land described therein by reason thereto.

"It is the further decree of this Court that the Plaintiff is the sole owner in fee simple of the land described as the East half of the Northwest Quarter and the Northeast Quarter of the Southwest Quarter all in Section 24, Township 33 North, Range Eight West in Texas County, Missouri.

"And that none of the Defendants have any right, title or interest in or to said described land and title to said land is quieted in Plaintiff.

"It is further the order and judgment of this Court that Defendant Dave C. Mitchell have and recover of the Plaintiff the sum of $95.17 being the amount of taxes paid by said Defendant for the years of 1973, 1974 and 1975.

"Costs taxed to Plaintiff."

The foregoing determination that the tax deed under which defendant claimed title was void was premised upon a finding that, because the tax deed recited only the name, "P. E. Mitchell", and omitted plaintiff's name, E. Decatur Mitchell, the notice of sale, if any, failed to contain the names of all record owners of the property, in contravention of art. 10, sec. 13, Mo.Const., which provides: "No real property shall be sold for state, county or city taxes without judicial proceedings, unless the notice of sale shall contain the names of all record owners thereof, or the names of all owners appearing on the land tax book, and all other information required by law."

Prior to 1945, no similar statutory or constitutional provision existed. In fact, sec. 11125, RSMo 1939, which was in effect until 1945, provided: "[I]t shall not be necessary to include the name of the owner, mortgagee, occupant or any other person or corporation owning or claiming an interest in or to any of said lands or lots in the notice of such sale . . . ." Secs. 140.150 and 140.170, RSMo 1949, incorporate the notice requirement of art. 10, sec. 13. Sec. 140.-150, subsec. 2, provides in part: "No real property shall be sold for state, county or city taxes without judicial proceedings, unless the notice of sale shall contain the names of all record owners thereof, or the names of all owners appearing on the land tax book." Sec. 140.170, subsec. 2, which requires the publication of lots with delinquent taxes in newspapers of general circulation, provides in part: "In addition to the names of all record owners or the names of all owners appearing on the land tax book it shall only be necessary in the printed and published list to state . . . ."

■ In this action, both parties seek to quiet title in their favor. In such case, the burden of proof is upon the respective parties to prove better title than the other. The issue, therefore, is which of the two parties has better title, and neither party is required to show title good as against the whole world. *Moise v. Robinson*, 533 S.W.2d 234, 240 (Mo.App.1975).

The cases of *Evans v. Brussel*, 330 S.W.2d 788 (Mo.1959), and *Moise v. Robinson, supra*, are the principal ones relied upon by defendant. Neither is on point. *Evans*, which is cited for the proposition that a collector's deed is not void when the notice of sale does not contain the owner's name, was decided under the law as it existed prior to the adoption of art. 10, sec. 13, in 1945. Although *Evans* was decided in 1959, the sale involved took place December 24, 1936, some nine years prior to the adoption of art. 10, sec. 13. In *Moise* the issue concerned the sufficiency of the property description in the deed and it did not involve art. 10, sec. 13, Mo.Const., or sec. 140.150, subsec. 2.

■ The commands of art. 10, sec. 13, Mo.Const., and statutes embodying its requirements are clear. Notice of sale must contain the names of all record owners or the names of all owners appearing on the land tax book. If this is not complied with, the sale is in violation of the constitution and is, therefore, void.

■ It remains for us to determine whether or not the trial court erred in its finding that because the tax deed of 1953 recited that it was returned delinquent in the name of P. E. Mitchell, it can be inferred that the notice of sale did not contain the names of the record owners. The proper standard to be applied was recently set forth in *Murphy v. Carron*, 536 S.W.2d 30, at 32 (Mo. banc 1976), where the court stated: "Accordingly, appellate 'review * * * as in suits of an equitable nature,' as found in Rule 73.01, is construed to mean that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong."

■ Plaintiff introduced no direct evidence to prove either that the 1948 taxes were returned delinquent against P. E. Mitchell or that the notice of sale did not contain plaintiff's name. Although plaintiff was unsure of whether or not he paid the 1948 taxes, he testified that he remembered some confusion concerning the 1948 taxes and that he wrote a letter to P. E. Mitchell in an attempt to clear up the situation. He stated that he received a response from P. E. Mitchell which was in his attorney's possession but no attempt was made to introduce the reply letter into evidence. Accordingly, we must decide if the recital in the 1953 tax deed that the 1948 taxes were returned delinquent in the name of P. E. Mitchell is sufficient evidence to support the inference that the notice of sale did not contain the name of plaintiff as record owner. We hold that the recital was sufficient evidence to support the inference of non-compliance with the statutory and constitutional requirements concerning notice.

■ Sec. 140.460, subsec. 2, RSMo 1969, provides that a tax deed is to be "prima facie evidence . . . of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, . . . " The same provision was in effect at the time of the sale in 1951 and the delivery of the collector's deed in 1953. Thus, if the tax deed had recited that the taxes were returned delinquent in the name of plaintiff, it would be prima facie evidence of good and valid title in defendant. *Shaw v. Armstrong*, 361 Mo. 648, 235 S.W.2d 851, 857 (1951) (overruled on other grounds in *Journey v. Miler*, 363 Mo. 163, 165, 250 S.W.2d 164, 166 (Banc 1952)). By statute, this would also have been prima facie evidence of notice in com-

pliance with the law because notice and sale would be "prior proceedings" under sec. 140.460. This would not prevent an opponent from offering evidence at variance with the title. *Hartley v. Williams*, 287 S.W.2d 129, 135 (Mo.App.1956). See also *Moise v. Robinson, supra.* Thus, an opponent could have the deed set aside if he could show in his evidence that the notice of sale did not contain the names of all record owners or the names of all owners appearing on the land tax book.

The present case involves the converse of sec. 140.460, subsec. 2. There is an irregularity on the face of the deed; namely, the wrong person has been named as the one against whom the delinquent taxes have been returned. Is this irregularity prima facie evidence of an irregularity of a prior proceeding, i.e., the notice of sale? We find that it is reasonable to infer that notice was improperly given when the collector's deed recited that the taxes were returned delinquent in the name of one other than the record owner or owner appearing on the land tax book and that plaintiff produced prima facie evidence of the invalidity of the deed by proving the same.

In conclusion, we hold that the record afforded substantial evidence to support the trial court's finding that the notice of sale of the 80 acres here in question did not contain the name of the record owner, E. Decatur Mitchell, and that the trial court's finding was not against the weight of the evidence. Therefore, the sale under which Dave C. Mitchell took a tax deed was in violation of art. 10, sec. 13, Mo.Const., and secs. 140.150 and 140.170, RSMo 1949. In consequence, the treasurer and ex-officio collector's deed dated September 21, 1953, and recorded in book 219, page 296, of the Texas County Deed Records, under which Dave C. Mitchell claims title, is void and of no legal effect. None of the defendants, including defendant-appellant Dave C. Mitchell, have any right, title, or interest in the land in dispute here, and plaintiff-appellant E. Decatur Mitchell is the sole owner thereof. Pursuant to the judgment of the trial court, appellant is to recover from plaintiff $95.17 being the amount of taxes paid by appellant for the years 1973, 1974, and 1975.

The judgment is affirmed.

All of the Judges concur.