**LYON FINANCIAL SERVICE, INC., Respondent,**

v.

**HARRIS CAB COMPANY, INC., Appellant.**

No. ED 92741.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 26, 2010.

Timothy P. Philipp, Bridgeton, MO, for appellant.

Vincent D. Vogler, James E. Klenc, St. Louis, MO, for respondent.

KENNETH M. ROMINES, Chief Judge.

## Introduction

Harris Cab Company, Inc., appeals from the trial court's grant of Summary Judgment, the Honorable David L. Dowd presiding. The trial court held that the petition alleged all required elements, that Appellant was personally served and that Appellant failed to file an Answer or otherwise appear. We affirm.

## Factual and Procedural Background

Respondent filed a three count petition against James Harris; Breach of Contract, Suit on Account, and Account Stated. In support of these claims was a lease agreement entered into between Respondent and James Harris doing business as Harris Taxi Cab Company. The second exhibit never mentioned James Harris by name, only referring to him as Defendant. The third piece of evidence was Plaintiff's prayer for damages which showed that the cause of action was against James Harris, doing business as Harris Taxi Cab Company.

The Estate of James Harris filed a motion to dismiss the counts against Harris based upon the lapse of more than one year since the death of James Harris. Plaintiff subsequently amended its petition to name Harris Cab Company, Inc. as Defendant. The exhibits did not change. Respondent filed a Motion for Summary Judgment on 20 August 2008. The hearing was scheduled for 1 October 2008, at the request of the attorney for Appellant, the hearing was rescheduled. The hearing was held on 4 November 2008. Appellant never responded to the request for admissions, and did not respond to the Motion

for Summary Judgment. The trial court entered a judgment for Respondent in the amount of $69,069.36.

## Point on Appeal

Appellant argues that the trial court erred in granting Respondent's motion for summary judgment because there was insufficient evidence in the record to support the cause of action.

## Discussion

■ The standard of review of a summary judgment is *de novo*. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). This court does not defer to the trial court's order granting summary judgment because the initial judgment of the trial court is based upon the record submitted and amounts to a decision on a question of law. *Id.* at 371. However, when a party does not present an issue to the trial court, it fails to preserve this issue. *Bowman v. McDonald's Corporation*, 916 S.W.2d 270, 276 (Mo.App.1995). If an issue was not preserved this court can only intervene if there is plain error. Plain errors are those which affect substantial rights that, even though not properly preserved, result in such a manifest injustice or miscarriage of justice as to warrant relief. Rule 84.13.

■ Appellant was served with a Request for Admissions and failed to Answer. A party admits the matters contained in a request for admissions by failing to respond to it. Rule 59.01(a). When neither a denial nor written objection is served to any of the admissions sought as required by Rule 59.01(a), all matters in the request are deemed admitted. *Metropolitan St. Louis Sewer District v. Zykan*, 495 S.W.2d 643, 656 (Mo.1973). Here, Respondent was entitled, as a matter of law, to Summary Judgment because Appellant was deemed to have admitted the contractual

obligation to pay Respondent and that Appellant still owed Respondent $69,069.36.

Appellant claims that because only "James Harris, doing business as Harris Taxi Cab Company" was named in any of the evidence presented to the trial court, Harris Cab Company, Inc. can not be the responsible party for any cause of action claimed by Respondent. The proper time for Appellant to raise this argument was in response to the Motion for Summary Judgment; Appellant failed to do. so and cannot raise it of the first time on appeal.

In this case, Harris Cab Company Inc., Appellant's corporation, was held liable for breaching a contract with Respondent. The evidence showed that James Harris signed the contract and indicated that he was doing business as Harris Taxi Cab Company. It is not manifest injustice, nor a miscarriage of justice, that Appellant's corporation be held responsible for breaching a contract he signed. Though there is a slight discrepancy in the name of the corporation and the company named on the contract that is a matter that Appellant should have argued at trial. Appellant had opportunities at trial to preserve the claim but failed to do so. It is incumbent on a party claiming error to see that the trial court hears the objection in order to ensure that the trial court is adequately informed and is provided an opportunity to correct its errors. The judgment is affirmed.

ROY L. RICHTER, J., KURT S. ODENWALD, JJ., concur.